Request of Governor and Council,
No. 4755.

OPINION OF THE JUSTICES.

Submitted May 25, 1959.

Answer returned June 2, 1959.

The following resolution was adopted by the Governor and Council on May 15, 1959:

"WHEREAS it has become necessary to borrow upon the credit of the State in order to provide funds for the payment of accrued

liability contributions of the State under the teachers' retirement system as established by RSA 192; and

"WHEREAS under RSA 192:18 the State Treasurer under direction of the Governor and Council is authorized to issue bonds in the name of the State for this purpose; and

"WHEREAS bond counsel have indicated a doubt as to the constitutionality of those provisions of RSA 192 as measure retirement allowances in part by services performed prior to the establishment of said system; and

"WHEREAS in view of these circumstances we are in doubt as to our power to authorize the issue of said bonds;

"RESOLVED that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important question of law:

"Are the provisions of RSA 192 relating to prior service credit in conflict with Part 1, Article 36th of the Constitution?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answer to your inquiry contained in your resolution filed May 19, 1959, with reference to the constitutionality of the prior service credit provisions of RSA ch. 192, as amended, An Act entitled "Teachers' Retirement System."

Part I, *Art.* 36th of the Constitution of New Hampshire reads as follows: "[Pensions] Economy being a most essential virtue in all states, especially in a young one, no pension shall be granted, but in consideration of actual services; and such pensions ought to be granted with great caution, by the legislature, and never for more than one year at a time." Your inquiry centers upon the applicability of this constitutional provision to RSA 192:4, 5. These sections provide in substance, so far as material, that the amount of the teachers' retirement allowances shall be measured in part by the length of their "creditable service" including service prior to the date of the establishment of the present retirement system on July 1, 1950. In this connection it should be noted that the act applies only to persons who were teachers at the time of the establishment of this system and to those who became teachers afterward. The latter are obliged to

become members of this system as a condition of their employment.

It is common knowledge that there is no substitute for experience in teaching, as in other skilled professions, and of this the Legislature were assuredly aware. The obvious purpose of RSA ch. 192, and especially sections 4 and 5, is to offer additional inducements to teachers of experience by paying them more for their future services in the form of benefits payable after their retirement. The advantages to the school system of the state and to the public in hiring and retaining experienced teaching personnel are too plain to require delineation.

As to those teachers who were hired after the system was established and became members of it no reasonable doubt can exist as to the constitutionality of RSA ch. 192.

Those teachers previously employed who elected to become members of the system had to accept various burdens such as contributions to the system, and continuous employment until compulsory retirement. No benefits which they will receive can be considered anything other than deferred compensation for services rendered after the date of their acceptance of the act for which compensation the teachers in question will have given consideration. Construed in this light sections 4 and 5 do not provide for pensions within the meaning of Part I, *Art.* 36th of the Constitution. *Opinion of the Justices,* 88 N. H. 511, 512.

We are therefore of the opinion that prior service credits used in computing the retirement benefits for service prior to the establishment of the system do not invalidate RSA ch. 192. The Legislature could reasonably conclude that the worth of teachers bears relationship to their years of experience. Our Constitution lays stress on the promotion of education by the Legislature. Part II, *Art.* 83. This was emphasized in *Opinion of the Justices,* 99 N. H. 536, 538: "The furtherance of education is universally regarded as a public purpose and the Constitution expressly imposes upon legislators 'the duty . . . to cherish the interests of literature and the sciences, and all seminaries and public schools, [and] to encourage private and public institutions . . . . ' "

In carrying out this duty imposed upon them by the Constitution, the Legislature could conclude that the future continuous service of experienced teachers was most desirable and endeavor to insure it by offering them the inducements of prior service credits. Other states with analogous constitutional provisions have reached this conclusion in like situations. *Gubler* v. *Utah State Teachers'*

*Retirement Board,* 113 Utah 188.   See also, anno. 2 A. L. R. (2d) 1033.

We believe the Legislature has taken a reasonable means to carry out a proper purpose and that fairly construed RSA ch. 192 provides only for deferred compensation for present and future services.   Since this is so the time, the manner, or the amount of such compensation does not make it a pension.   *Opinion of the Justices,* 88 N. H. 511, 512; *Opinion of the Justices,* 102 N. H. 75.   By a parity of reasoning the use of past experience as a gauge of the value of present and future services does not make retirement payments in any sense pensions.   Nothing contained in *Opinion of the Justices,* 88 N. H. 511, 512, rightly construed, is contrary to this conclusion.   It follows the answer to your inquiry is no.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

June 2, 1959.

*Louis C. Wyman,* Attorney General and *Elmer T. Bourque,* Assistant Attorney General, for the State of New Hampshire, in favor of negative answer.

*Upton, Sanders & Upton* for New Hampshire Education Association, also in favor of negative answer.

*H. Thornton Lorimer* and *G. Wells Anderson,* for State Employees' Retirement System, also in favor of negative answer.